**Magdalena Farias ALVAREZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73382.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

Michael Franquinha, Esquire, Law Office of Michael Franquinha, Phoenix, AZ, for Petitioner.

CAC–District, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Kurt B. Larson, Esquire, U.S. Department of Justice, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Magdalena Farias Alvarez, a native and citizen of Mexico, petitions for review of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for special rule battered spouse cancellation of removal. We review de novo due process claims. *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We dismiss the petition for review.

We lack jurisdiction to review the agency's determination that Petitioner failed to show extreme hardship. *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir. 2003); *Kalaw v. INS,* 133 F.3d 1147, 1152 (9th Cir.1997).

Petitioner's contention that the IJ violated her due process rights by disregarding her evidence of hardship is not supported by the record and therefore does not amount to a colorable constitutional claim. *See Martinez–Rosas,* 424 F.3d at 930 ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.